BOBBIE STEIN
Attorney at Law
State Bar No.: 113239
503 Dolores Street, Suite 201
San Francisco, CA 94110
Telephone 415/255-0301

Attorney for Petitioner
JUAN MANUEL ANDAZOLA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL ANDAZOLA ) | |
| ) | Case No. |
| Petitioner, ) | |
| ) | PETITION FOR WRIT OF |
| vs. ) | WRIT OF HABEAS CORPUS |
| ) | |
| ) | |
| JEANNE S. WOODFORD, Director ) | |
| of the California Department of ) | |
| Corrections, and Richard Kirdland, ) | |
| Warden, Pelican Bay State Prison. ) | |
| ) | (28 U.S.C. §2254) |
| Respondent. ) | |
| _____ ) | |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

DISTRICT OF CALIFORNIA:

Petitioner JUAN MANUEL ANDAZOLA, through his counsel, files this writ of habeas corpus pursuant to 28 U.S.C. §2254 *et seq.*, and alleges as follows:

I.

Petitioner is unlawfully confined and restrained of his liberty at Pelican Bay State Prison in Crescent City, California, by Jeanne S. Woodford, Director of the California Department of Corrections, and Richard Kirkland, Warden, Pelican Bay State Prison in Crescent City California.

II.

Petitioner is confined pursuant to the judgment of the California Superior Court in and for the County of Contra Costa in case number 0502214189.

III.

On October 8, 2002, an information was filed in Contra Costa County Superior Court against appellant alleging that on April 3, 2002, appellant committed the following offenses:

**Count One:**  Penal Code section 187/664, subdivision (a), attempted wilful, deliberate and premeditated murder of Ramiro Pichardo.

Firearm enhancements were also alleged under Penal Code sections 12022.5, subdivision (a)(1) [personal use of a firearm] and 12022.53, subdivisions (b),(c), and (d) [personal use and intentional discharge of a firearm causing great bodily injury and death.].[1]  (CT 156, 157.)

The information was amended to reflect an additional enhancement under Penal Code section 12022.7, subd. (b) [great bodily injury].  (CT 535; 761, 763.)

**Count Two:**  Penal Code section 245, subdivision (a)(2), assault with a firearm upon Ramiro Pichardo.

An enhancement for great bodily injury was also alleged as to this count under Penal Code section 12022.7, subdivision (b). (CT 156-7.)

A second enhancement on Count Two was added on the first day of trial alleging a firearm enhancement under Penal Code section 12022.5, subd. (a)(1).  (CT 507; RT 42.)

---

[1]The "causing death" language was ultimately stricken from the information. (RT 209.)

2

IV.

Following a jury trial, on September 18, 2003, petitioner was found guilty of both attempted premeditated murder and assault with a firearm. All enhancements were found true. (CT 88-90, 689.)

V.

On December 5, 2003, petitioner was sentenced to life with the possibility of parole on Count One with an additional consecutive sentence of 25 years to life for the enhancement pursuant to Penal Code section 12022.53, subd. (d). The remaining enhancements as to Count One were stricken for purposes of sentencing. A concurrent three-year term for Count Two was stayed pursuant to Penal Code section 654. The enhancements on Count Two were stricken for purposes of sentencing. (CT 716.)

VI.

A timely notice of appeal was filed on December 5, 2003. (CT 722.) On direct appeal, petitioner raised several issues:

   I. THE EVIDENCE IS INSUFFICIENT TO SUPPORT A VERDICT THAT APPELLANT SHOT RAMIREZ
  II. DUE PROCESS PRINCIPLES REQUIRE THAT APPELLANT'S CONVICTION BE REVERSED AS THE EVIDENCE WAS INSUFFICIENT TO PROVE THAT THE SHOOTING WAS WILLFUL, DELIBERATE AND PREMEDITATED
 III. THE COURT'S REFUSAL TO GIVE THE DEFENSE PINPOINT INSTRUCTION REGARDING NENE'S PHONE CALLS TO PICHARDO DEPRIVED APPELLANT OF HIS RIGHTS TO PRESENT A DEFENSE AND TO DUE PROCESS

VII

The judgment of conviction in the matter of *People v. Andazola*, No. A104937 was affirmed on February 22, 2006 in an unpublished opinion. A true and correct copy of that decision is attached here as Appendix A.

VIII

On October 20, 2005, Petitioner filed a timely writ of habeas corpus in the First District Court of Appeal. Petitioner raised the following claims in his writ of habeas corpus:

I. FAILURE TO DISCLOSE OFFICER SALGADO'S PATTERN OF FALSIFYING POLICE REPORTS AND THE CRIMINAL INVESTIGATION FOR HIS CONDUCT VIOLATED PETITIONER'S FEDERAL AND STATE CONSTITUTIONAL RIGHTS AND REVERSAL IS MANDATED.

II. OFFICER SALGADO PROVIDED FALSE INFORMATION AT TRIAL AND RELIEF IS THEREFORE MANDATED UNDER PENAL CODE SECTION 1473.

IX

The court of Appeal summarily denied the writ of habeas corpus on February 22, 2006. A true and correct copy of that decision is attached here as Appendix B.

XI

On April 3, 2006, a timely petition for review was filed in the California Supreme Court. Petitioner raised the following claims in his petition for review:

I. DUE PROCESS PRINCIPLES REQUIRE THAT APPELLANT'S CONVICTION BE REVERSED AS THE EVIDENCE WAS INSUFFICIENT TO PROVE THAT THE SHOOTING WAS WILLFUL, DELIBERATE, AND PREMEDITATED

II. THE COURT'S REFUSAL TO GIVE THE DEFENSE PINPOINT INSTRUCTION REGARDING NENE'S PHONE CALLS TO PICHARDO DEPRIVED APPELLANT OF HIS RIGHTS TO PRESENT A DEFENSE AND TO DUE PROCESS

X

On June 14, 2006 the court denied review without comment. A true and correct copy of the order is attached as Appendix C.

XI

On April 5, a timely petition for writ of habeas corpus was filed in the California Supreme Court .

XII

Petitioner raised the following claims in his petition for writ of habeas corpus:

4

I. FAILURE TO DISCLOSE OFFICER SALGADO'S PATTERN OF FALSIFYING POLICE REPORTS AND THE CRIMINAL INVESTIGATION FOR HIS CONDUCT VIOLATED PETITIONER'S FEDERAL AND STATE CONSTITUTIONAL RIGHTS AND REVERSAL IS MANDATED

    *A.* The Prosecution Had a Duty to Disclose Information About Salgado's Pattern of Falsifying Police Reports As Well As Information About the Investigation into Salgado's Misconduct

    B. Evidence of Salgado's False Police Reports and Investigation into His Fabrication of Evidence Was "Material" As His Credibility Was the Lynchpin of the Prosecution's Case

    C. There Is a Reasonable Probability That the Outcome of the Trial Would Have Been Different Had the Defense Known of the Wrongly Withheld Information

II. OFFICER SALGADO PROVIDED FALSE INFORMATION AT TRIAL AND RELIEF IS THEREFORE MANDATED UNDER PENAL CODE SECTION 1473.

### XIII

On February 14, 2007 the petition was denied without comment. A true and correct copy of the order is attached as Appendix D.

### XIV

Petitioner has been represented by present counsel at all states of the state court proceedings.

### XV

Other than the above described appeals and petitions, petitioner has not filed any petition, application or motion with respect to this conviction in any court, state or federal

### **XVI**

The facts of this case are stated in the Memorandum of Points and Authorities in Support of this Petition for Writ of Habeas Corpus, filed wit this Petition, and are incorporated by reference as if fully set forth here.

XVII

**FIRST GROUND FOR ISSUANCE OF WRIT**:

DUE PROCESS PRINCIPLES UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

The judgment against petitioner was rendered in violation of his constitutional rights of due process as guaranteed by the Fifth and Fourteenth Amendments. The trial record did not disclose substantial evidence from which a reasonable trier of fact could find that petitioner was the shooter. (*Jackson v. Virginia* (1979) 443 U.S. 307, 31, 19.)

The state proceeding resulted in a decision that was based on a determination of the facts that is directly contradicted by the evidence presented in the state court proceeding and is contrary to federal law. (28 U.S.C. sec. 2254, subd. (d)(1), (2).) These legal grounds for issuance of a writ in this case are set forth in detail in the Memorandum of Points and Authorities in Support of the Petition for Writ of Habeas Corpus, filed with this Petition, and are incorporated herein by reference.

XVIII

**SECOND GROUND FOR ISSUANCE OF WRIT**:

DUE PROCESS PRINCIPLES UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

The judgment against petitioner was rendered in violation of his constitutional rights of due process as guaranteed by the Fifth and Fourteenth Amendments. The trial record did not disclose substantial evidence from which a reasonable trier of fact could find that petitioner premeditated and deliberated beyond a reasonable doubt . (*Jackson v. Virginia* (1979) 443 U.S. 307, 31, 19.)

The state proceeding resulted in a decision that was based on a determination of the facts that is directly contradicted by the evidence presented in the state court proceeding and is contrary to federal law. (28 U.S.C. sec. 2254, subd. (d)(1), (2).) These legal grounds for issuance of a writ in this case are set forth in detail in the

Memorandum of Points and Authorities in Support of the Petition for Writ of Habeas Corpus, filed with this Petition, and are incorporated herein by reference.

### XIX

### **THIRD GROUND FOR ISSUANCE OF WRIT**:

DUE PROCESS PRINCIPLES UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

The judgment against petitioner was rendered in violation of his constitutional rights of due process as guaranteed by the Fifth and Fourteenth Amendments. The trial court's failure to instruct the jury with the defense pinpoint instruction was prejudicial and rendered the trial so fundamentally unfair as to violate due process. (*Cupp v. Naughten* (1973) 414 U.S. 141, 147; U.S. Constitution, Amend. V, VIV.)

The state proceeding resulted in a decision that was contrary to clearly established federal precedent and was based on a determination of the facts that is directly contradicted by the evidence presented in the state court proceeding and is contrary to federal law. (28 U.S.C. sec. 2254, subd. (d)(1), (2).) These legal grounds for issuance of a writ in this case are set forth in detail in the Memorandum of Points and Authorities in Support of the Petition for Writ of Habeas Corpus, filed with this Petition, and are incorporated herein by reference.

### XX

### **FOURTH GROUND FOR ISSUANCE OF WRIT**:

DUE PROCESS PRINCIPLES AND RIGHT TO CROSS EXAMINE WITNESSES UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

The judgment against petitioner was rendered in violation of his constitutional rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments. Furthermore, the state violated the mandate of *Brady v. Maryland* (1963) 373 U.S. 83, by its failure to provide favorable, material, impeaching evidence regarding prosecution witness

Officer Javier Salgado, and by the state's failure to disclose and correct Officer Salgado's false testimony, which it knew or should have known to be false.

The state proceeding resulted in a decision that was based on a determination of the facts that is directly contradicted by the evidence presented in the state court proceeding and is contrary to federal law. (28 U.S.C. sec. 2254, subd. (d)(1), (2).) These legal grounds for issuance of a writ in this case are set forth in detail in the Memorandum of Points and Authorities in Support of the Petition for Writ of Habeas Corpus, filed with this Petition, and are incorporated herein by reference.

## XXI

Petitioner has exhausted all remedies provided him under the laws of the State of California. There are no other legal proceedings pending with respect to petitioner's judgment or sentence. The instant petition is the only means available for petitioner to obtain legal redress.

**WHEREFORE**, petitioner respectfully requests that this Court:

1. Issue its order to the respondent to show cause to inquire into the legality of petitioner's incarceration;

2. Grant petitioner leave to conduct such discovery as has been or shall later be requested by petitioner upon a showing of good cause;

3. Direct respondents to file with this court a full an complete copy of the record of all proceedings that occurred in the California courts in connection with this matter;

4. Appoint counsel to represent petitioner in connection with these proceedings;

5. After full consideration of all issues raised herein, vacate the judgment of conviction and the sentence imposed upon petitioner in Contra Costa Superior Court Case no. 0502214189 and order his immediate release;

5. Grant petitioner such further relief as is appropriate and in the interests of justice.

DATED: October 19, 2007

                                       Respectfully submitted,

                                       _____

                                       Bobbie Stein

                                       Appearing Specially for Petitioner

                                       **JUAN MANUEL ANDAZOLA**

**VERIFICATION**

I, Bobbie Stein, declare:

I am an attorney admitted to practice law before the courts of the State of California and the United States District Court for the Northern District and I have my office in San Francisco County.  I am the attorney appearing specially for the petitioner herein and am authorized to file this Petition.  Petitioner is unable to make this verification because he is absent from this county and because he is not familiar with all of the facts related to this Petition.

I have read the foregoing Petition for Writ of Habeas Corpus.  All of the facts alleged in these document, not otherwise supported by citations to the record, exhibits or other documents, I believe to be true to the best of my own personal knowledge.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on October 19, 2007 at Oakland, California.

_____
BOBBIE STEIN

## PROOF OF SERVICE BY MAIL

I, Bobbie Stein, am over 18 years of age and not a party to the above action. My business address is 503 Dolores Street, Suite 201, San Francisco, California 94110.

On December  , 2007, I served copies of the attached petition for writ of habeas corpus on the following people:

| | |
|---|---|
| Attorney General | Juan Andazola |
| 455 Golden Gate Avenue | V-15894-ASU-B-2 |
| rm 11000 | Pelican Bay State Prison |
| San Francisco, CA 94103 | Crescent City, CA 95531 |

I declare under penalty of perjury that the foregoing is true and correct. Executed this day of December  , 2007, in Oakland, California.

_____

Bobbie Stein