BOBBIE STEIN
Attorney at Law
State Bar No.: 113239
503 Dolores Street, Suite 201
San Francisco, CA 94110
Telephone 415/255-0301

Attorney for Petitioner
JUAN MANUEL ANDAZOLA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL ANDAZOLA ) | |
| ) | Case No. |
| Petitioner, ) | |
| ) | |
| vs. ) | MOTION FOR APPOINTMENT |
| ) | OF COUNSEL |
| ) | |
| JEANNE S. WOODFORD, Director ) | |
| of the California Department of ) | |
| Corrections, and Richard Kirdland, ) | |
| Warden, Pelican Bay State Prison. ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

DISTRICT OF CALIFORNIA:

     Petitioner **JUAN MANUEL ANDAZOLA**, hereby moves for an order of appointment of counsel to represent him in this proceeding, pursuant to the provisions of 18 U. S. C. Sec. 3006A (a)(2) (B).  (28 U.S.C. sec. 1915, subd. (E)(1), 2254, sub.(h).)

     The undersigned counsel was appointed to represent Petitioner in his state court criminal appeal and represented him throughout all state court proceedings.  Petitioner is unable to represent himself.  He has no legal training and is not competent to present the claims herein.  Furthermore, he is in custody.

     Petitioner is unable to write legal argument, or to research and identify the

1 legal authority relevant to his claims.  Thus, he personally can not provide assistance
2 to this Court in analyzing the issues raised in the Petition.  Should a hearing be
3 ordered, he could not represent himself adequately.
4      Mr. ANDAZOLA, therefore, requires the assistance of an attorney to analyze
5 and present the complex legal issues raised in this writ petition.
6
7
8 **]BACKGROUND INFORMATION**
9      As evidenced by the in forma pauperis declaration submitted by Mr.
10 ANDAZOLA in connection with the Petitione, he is unable to retain counsel. At the
11 trial level he was represented by Contra Costa Alternate Public Defender Howard
12 Jameson.  Throughout the state appellate process, Mr. ANDAZOLA was represented
13 by  the undersigned counsel on a court appointed basis.
14      On the above grounds, and those presented in the memorandum filed with this
15 motion, petitioner requests this court to appoint counsel in this proceeding.  This
16 motion is based on the motion and memorandum in support, the declaration of
17 BOBBIE STEIN in support of the motion, and all the pleadings and other documents
18 on file in this action.
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 **MEMORANDUM OF POINTS AND AUTHORITIES**
28      Pursuant to 18 U.S.C. Sec. 3006A, the Court should appoint counsel to

represent indigent prisoners who are applying for habeas corpus relief "when justice so requires."[1] (*Powell v. Livesay*, 600 F.Supp.82, 84 (M.D. Tenn.1987): see also *Weygandt. v. Look*, 718 F.2d 952, 954 (9th Cir. 1983.)  In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claim pro se in light of the complexity of the legal issues involved.  (*Ibid*.)

The court must appoint counsel when the complexities of the case are such that denial of counsel would amount to a denial of due process and when the petitioner is a person of such limited education as to be incapable of presenting his or her claims in such a way that the court can afford him or her a fair hearing. (*Brown v. United States*, 623 F.2d 54, 61 (9th cir. 1980); *Hawkins v. Bennett*, 423 F.2d 948, 951 (4th cir. 1970.).)

In the instant matter, this court should appoint counsel because of the complex legal issues which warrant federal review.  A lawyer's analysis is necessary to apply federal constitutional standards to the proceedings.  A lay person with no sophisticated understanding of criminal law and appellate proceedings can not be expected to cite precedent, distinguish cases or present coherent argument.

Mr. ANDAZOLA does not have a sophisticated understanding of the law. While he is interested in his case, he brings no ability to litigate, meet deadlines, file documents, or appear in court.  In this counsel's opinion, Mr. ANDAZOLA could not adequately represent himself in this proceeding.  Without appointed counsel, these proceedings would be distorted, to the detriment of both the Court and Petitioner.  For these reasons, due process concerns dictate that petitioner be allowed

---

[1] Appointment of counsel is only mandatory in the is context if it is necessary to prevent a due process violation. "[T]he Sixth Amendment right to counsel does not apply in habeas corpus actions. Indigent state prisoners applying for habeas corpus relief are not [constitutionally] entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. (*Chaney v. Lewis*, 827 F.2d. 1191 (9th cir. 1986.)

3

1  representation by court appointed counsel.
2       Accordingly, petitoner respectfully requests that this motion for appointment
3  of counsel be granted and that the Court appoint counsel, BOBBIE STEIN, to
4  represent petitioner in these proceedings.

7  DATED: October 19, 2007
8                                         Respectfully submitted,

12                                        BOBBIE STEIN
13                                        Appearing Specially for Petitioner
14                                        JUAN ANDAZOLA

**PROOF OF SERVICE BY MAIL**

I, Bobbie Stein, am over 18 years of age and not a party to the above action. My business address is 503 Dolores Street, Suite 201, San Francisco, California 94110.

On December   , 2007,  I served copies of the attached motion for appointment of counsel and declaration in support on the following people:

Attorney General
455 Golden Gate Avenue
rm 11000                                              Juan Andazola
San Francisco, CA 94103                     V-15894-ASU-B-2
                                                              Pelican Bay State Prison
                                                              Crescent City, CA 95531

I declare under penalty of perjury that the foregoing is true and correct. Executed this  day of December   , 2007, in Oakland, California.

_____
Bobbie Stein