UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUAN MANUEL ANDAZOLA,

    Petitioner,

    v.

JEANNE S. WOODFORD,

    Respondent.
_____/

No. C 07-6227 PJH

**ORDER TO SHOW CAUSE; DENYING PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL AND TO PROCEED IN FORMA PAUPERIS**

Petitioner Juan Manuel Andazola ("Andazola"), a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

On September 18, 2003, Andazola was convicted by a jury in the Contra Costa County Superior Court of attempted murder and assault with a firearm. On December 5, 2003, the trial court sentenced Andazola to life with the possibility of parole and an additional consecutive sentence of twenty-five years to life for the firearm enhancement. Andazola filed a direct appeal and sought habeas relief in the California appellate courts. The California Court of Appeal denied habeas relief, and affirmed on February 22, 2006. The California Supreme Court subsequently denied review on June 14, 2006, and denied habeas relief on February 14, 2007. Andazola filed the instant petition for federal habeas relief on December 10, 2007.

**DISCUSSION**

**A.**    **Legal Standard**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.      Petitioner's Legal Claims**

Petitioner raises four claims for federal habeas relief: (1) that he was denied due process because there was insufficient evidence that he was the shooter; (2) that he was denied due process because there was insufficient evidence that he acted with premeditation and deliberation; (3) that the trial court's refusal to give one of his proffered "pinpoint" jury instructions violated his due process rights and his right to present a defense; and (4) that the prosecution failed to disclose impeachment evidence regarding an investigating and testifying police officer in violation of the Fifth and Fourteenth amendments. Liberally construed, the claims appear colorable under 28 U.S.C. § 2254 and merit an answer from respondent.

**C.      Petitioner's Request for Appointment of Counsel**

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require." Generally, the decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). The purpose of section 3006A is to provide for appointed counsel whenever the failure to do so would amount to a denial of due process. *Id.* Accordingly, in determining whether to appoint counsel, the district court should weigh the ability of a *pro se* petitioner to present forcefully and coherently his or her contentions based on a good understanding of the issues. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

The court finds that the claims raised in the present petition are not complex. Additionally, the court is unable to determine, at this time, whether petitioner can

adequately represent himself, as an attorney drafted his petition.  Because of the foregoing and the fact that the court finds the present petition to satisfactorily advance petitioner's claims for relief, the court DENIES the request for appointment of counsel.

Additionally, petitioner's request to proceed in forma pauperis is DENIED based on the certification of funds submitted in conjunction with the request.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner is ordered to pay the filing fee required in habeas cases.

2. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon respondents.  The clerk shall also serve a copy of this order on petitioner.

3. Respondents shall file with the court and serve on petitioner, within 60 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

4. If the petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

Dated:   December 19, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge

3