UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUAN MANUEL ANDAZOLA,

    Petitioner,

    v.

JEANNE S. WOODFORD,

    Respondent.
_____/

No. C 07-6227 PJH

**ORDER CONSTRUING REQUEST FOR CERTIFICATE OF APPEALABILITY IN PART AS MOTION FOR RELIEF FROM JUDGMENT; SETTING BRIEFING SCHEDULE**

On June 15, 2009, the court denied petitioner Juan Manuel Andazola's ("Andazola") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Andazola's July 6, 2009 application for a certificate of appealability is currently before the court. Because Andazola suggests in that application that the court overlooked a request for an evidentiary hearing, the court construes Andazola's application in part as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6), defers ruling on other issues in the application, and orders briefing as set forth below.

**DISCUSSION**

Andazola asserts in the motion that the court abused its discretion when it failed to grant an evidentiary hearing on his claim that the prosecution failed to disclose impeachment evidence regarding an investigating and testifying police officer in violation of

*Brady v. Maryland*, 373 U.S. 83 (1963).  The specific allegations made by Andazola are that this court "did not grant an evidentiary hearing," and that "[t]he issue was not presented to the trial court, but was raised on habeas, and neither the state court nor this district court allowed him an evidentiary hearing."  The court, however, was and is unaware that Andazola requested an evidentiary hearing in conjunction with his federal habeas petition.  The court has reviewed the record again and does not find such a request.  Nor does the court find that Andazola made the showing required to obtain an evidentiary hearing.  However, if the court has indeed overlooked a request for a hearing, then relief may warranted under Rule 60(b)(6).

It is thus unclear to the court whether Andazola's position is that he did request an evidentiary hearing and that the request was denied or ignored by the court, or that he did not make a request, but the court should have convened a hearing anyway.  Before the certification of any issues for appeal, the record must be clarified.  Accordingly, the court requires further briefing by the parties on the following issues:

(1) Whether Andazola requested an evidentiary hearing before this court pursuant to Rule 7 of the Rules Governing Section 2254 Cases or otherwise;

(2) If not, whether any authority, including Rule 7, requires the court to *sua sponte* hold an evidentiary hearing in conjunction with Andazola's *Brady* claim;

(3) Should a *sua sponte* obligation exist, does it arise even in the absence of a showing by Andazola that he is entitled to an evidentiary hearing; and

(4) Whether Andazola has made or can make a sufficient showing pursuant to 28 U.S.C. § 2254(e)(2) entitling him to an evidentiary hearing on his *Brady* claim.

In addressing the third and forth issues above, the parties should be guided by the following legal standards.

AEDPA's section 2254(e)(2), governing evidentiary hearings, provides:

If the applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing unless the applicant shows that:

(A) the claim relies on–

(i) a new rule of constitutional law, made retroactive to cases on

collateral review by the Supreme Court, that was previously unavailable; or

    (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; *and*

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The United States Supreme Court has interpreted the opening paragraph of the section to provide that where a petitioner has indeed exercised diligence to "develop the factual bases" of his claims in state court, the requirements of section 2254(e)(2)(A)& (B) do not apply to his request for an evidentiary hearing. *Williams v. Taylor*, 529 U.S. 420, 435 (2000); *Holland v. Jackson*, 542 U.S. 649, 652-53 (2004). In other words, a petitioner who has exercised such diligence will be taken out of the purview of section 2254(e)(2). *Griffey v. Williams*, 345 F.3d 1058 (9th Cir. 2003), *vacated on other grounds as moot*, 349 F.3d 1157 (9th Cir.2003) (petitioner died); *Williams*, 529 U.S. at 430 (showing under 2254(e)(2) "applies only to prisoners who have 'failed to develop the factual basis of a claim in state court proceedings'"). Diligence "depends upon whether petitioner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Cooper-Smith v. Palmateer,* 397 F.3d 1236, 1241 (9th Cir. 2005) (quoting *Williams*, 529 U.S. at 435). Diligence requires in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law. *Williams*, 529 U.S. at 435*.*

Accordingly, "[a] petitioner who avoids the reach of § 2254(e)(2) qualifies for an evidentiary hearing if the petitioner alleges facts, that if proven, would entitle him to relief and the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts. *Griffey*, 345 F.3d at 1065 (citing *Jones v. Wood*, 114 F.3d 1002, 1010, 1013 (9th Cir. 1997)). "In other words, petitioner must allege a colorable constitutional claim." *Turner v. Calderon*, 281 F.3d 851, 890 (9th Cir. 2002). There is no "per se rule requiring an evidentiary hearing whenever a petitioner has made out a colorable claim, though." *Id.* "Rather, a petitioner must establish that his allegation. . ., if proven, would establish a

constitutional deprivation." *Id.*

Where a petitioner is unable to make the showing of diligence required, he will be subjected to the more stringent standards contained in section 2254(e)(2)(A) & (B). *Williams*, 529 U.S. at 435; *Holland*, 542 U.S. 649, 652-53.

Andazola's opening brief is due no later than **thirty days** from the date of this order. Respondent's response is due **fourteen days** after Andazola's opening brief. Andazola may file a reply, if any, no later than **seven days** after Respondent's response. The court will rule on the papers.

The court defers ruling on the other issues set forth in Andazola's application for a certificate of appealability until it has ruled on Andazola's entitlement to an evidentiary hearing.

**IT IS SO ORDERED.**

Dated:   July 9, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge

4