United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUAN MANUEL ANDAZOLA,

    Petitioner,

    v.

JEANNE S. WOODFORD,

    Respondent.
_____/

No. C 07-6227 PJH

**ORDER GRANTING RULE 60(b) RELIEF; VACATING JUDGMENT; REOPENING CASE**

On June 15, 2009, the court denied petitioner Juan Manuel Andazola's ("Andazola") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because Andazola suggested in his July 6, 2009 application for a certificate of appealability that the court overlooked a request for an evidentiary hearing, on July 9, 2009, the court issued an order construing Andazola's application in part as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6) and ordered additional briefing. Andazola subsequently filed a supplemental opening brief, the state filed a response, and Andazola filed a reply.

Having reviewed the supplemental briefs, the court concludes that relief from judgment is warranted because in its June 15, 2009 order, the court decided Andazola's *Brady* claim on grounds that respondent now clarifies it conceded. A *Brady* claim has three components: "[t]he evidence must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the

state, either wilfully or inadvertently; and prejudice must have ensued." *Strickler v. Green*, 527 U.S. 263, 281-282 (1999); *see Banks v. Dretke*, 540 U.S. 668, 691 (2004).

In its June 15, 2009 order, the court did not reach the first or the third components of the *Brady* claim, but instead concluded that Andazola failed to satisfy the second component because there was no real evidence that at the time of Andazola's trial, the state was aware of Officer Salgado's falsification of police reports. However, unlike its February 4, 2008 opposition on the merits, in its August 10, 2009 supplemental brief, respondent expressly concedes that the prosecutor's awareness or notice of Officer Salgado's misconduct is not an issue with respect to the *Brady* claim.[1]  Instead, respondent clarifies that its position is that the evidence regarding Officer Salgado's misconduct was not material or prejudicial. *See Bailey v. Rae*, 339 F.3d 1107, 1116 n. 6 (9th Cir. 2003) (the terms "material" and "prejudicial" are used interchangeably to describe the third component);  *see also Benn v. Lambert*, 283 F.3d 1040, 1053 n.9 (9th Cir. 2002) ("Evidence is not 'material' unless it is 'prejudicial,' and not 'prejudicial' unless it is 'material'").

Given this concession, the court concludes that relief from judgment is warranted pursuant to Rule 60(b)(6) with respect to Andazola's *Brady* claim, and therefore vacates the judgment and reopens the case so that the court may consider anew the materiality issue. Although Andazola has dedicated the majority of his supplemental briefs to arguing that this

---

[1] The court notes that respondent did not address the issue in its February 4, 2008 opposition in spite of the fact that it was extensively argued by Andazola in his opening brief in support of his petition. *See* December 10, 2007 Opening br. at 19-21.

In its August 10, 2009 supplemental brief, respondent asserts that

> Although it appears highly unlikely that the prosecutor in this case had personal knowledge or notice of Officer Salgado's prior crimes, Officer Salgado obviously did.  Thus, if that evidence was material to the case as a whole, the prosecutor was obligated to disclose it prior to trial.  Accordingly, there is no need for an evidentiary hearing to determine what information about Salgado was known or available to the prosecutor at the time of trial.

Respondent's August 10, 2009 Supplemental Brief at 5.

2

court was required to *sua sponte* order an evidentiary hearing regarding the timing of the state's awareness of Officer Salgado's misconduct, the court need not address that issue given respondent's concession and thus no evidentiary hearing is needed on this issue. The court will not reconsider its June 15, 2009 order regarding Andazola's other habeas claim (which consisted of two sub-claims).

For the reasons set forth above, the court GRANTS Rule 60(b)(6) relief as to Andazola's *Brady* claim; VACATES the June 15, 2009 judgment; and REOPENS the case. The court will adjudicate the *Brady* claim based on the record and the briefs before it, and will determine at that time whether or not an evidentiary hearing is required on the materiality issue. An order on the merits will follow in due course.

Because the case is reopened, Andazola's motion for a certificate of appealability and motion to proceed in forma pauperis on appeal are DENIED as moot. However, should the court ultimately deny Andazola's habeas petition, he will be permitted to move for a certificate of appealability and for in forma pauperis status at that time.

**IT IS SO ORDERED.**

Dated:   December 4, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge

3